ERNEST LIKAY, as Administrator, etc., of MARGARET LIKAY, Deceased, Respondent, v. ARNOLD GOTTESMAN and Others, Appellants. (Appeal No. 2.) — Order directing discovery and inspection affirmed, with ten dollars costs and disbursements; records to be produced on five days' notice. No opinion. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

ANTONIO MAIA, Appellant, v. LAMPORT & HOLT, LTD., Respondent.— Order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.

BERTHA W. MANDEL, Appellant, v. HENRY MANDEL, Respondent.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendant to renew the motion on showing that conditions have changed. We have no doubt that there is authority in the court to modify a judgment of this kind. (Kunker v. Kunker, 230 App. Div. 641; Holahan v. Holahan, 234 id. 572; Severance v. Severance, ante, p. 799.) The question is always one of discretion. In this case it appears that the payment of alimony and maintenance for the wife and children has been secured by a surety bond to the extent of $100,000. Regardless of the financial condition of the defendant, the situation of the plaintiff requires that the sum secured to be paid shall be exhausted before there is modification of the judgment in that respect. It would be futile to make inquiry through a reference concerning the defendant's financial condition under these circumstances. He is threatened neither with proceedings in contempt nor with sequestration. When the secured funds are exhausted and such threats become imminent, it will then be time to consider the subject of the defendant's financial status and the question of modification. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

IRA MAX, Appellant, v. AMRAY HOLDING CORPORATION, Respondent.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, to the extent of directing the examination before trial of the defendant corporation, by its treasurer, with regard to the matters designated items 1, 2, 3 and 4. Examination to proceed on five days' notice at Kings County Special Term, Part 2. We are of opinion that the examination, to the extent granted herein, is necessary and material for the preparation of the plaintiff's case for trial. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

ARTHUR E. MAYER, Appellant, v. DOROTHY B. McKEEVER, Respondent.— Order reversed on the law, with ten dollars costs and disbursements, and motion to vacate the warrant of attachment denied, with ten dollars costs. In our opinion the papers upon which the warrant of attachment was issued were sufficient to give the court jurisdiction. Lazansky, P. J., Young, Scudder. Tompkins and Davis, JJ., concur.